# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MELTON PROPERTIES, LLC; FLOYD
M. MELTON, JR.; FLOYD M. MELTON
III; MOSS B. MELTON; MCMILLAN ACRES;
DANNY HARGETT; JANE HART MCMILLAN
HARGETT; DAVID HARGETT                                                              PLAINTIFFS

V.                                        CIVIL ACTION NO. 4:18-CV-00079-DMB-JMV

ILLINOIS CENTRAL RAILROAD COMPANY;
CANADIAN NATIONAL RAILWAY; UNION
TANK CAR COMPANY, INC.; JOHN DOES 1-5                               DEFENDANTS

## ORDER GRANTING IN PART LEAVE TO TAKE
## JURISDICTION-RELATED DISCOVERY

THIS DAY this cause came before the Court on the Plaintiffs' Motion for Leave to Take Jurisdiction-Related Discovery (Doc. #35) in connection with the Motion of Defendant Canadian National Railway Company to dismiss based upon the alleged lack of personal jurisdiction of this Court over Canadian National (Doc. #31). Because the court has conferred with both parties at the [38] telephonic status conference regarding the instant motion, there is no need for the Defendants to respond further, and the court is ready to rule. Being advised in the premises, the court hereby GRANTS, in part, the [35] Motion for Leave to Take Jurisdiction-Related Discovery. The motion is DENIED to the extent that it requests a discovery period for doing so of 120 days. As otherwise granted, jurisdictional discovery shall proceed as follows:

    1. The discovery to be conducted under this Order is limited to issues pertaining to whether this Court has general jurisdiction and/or specific jurisdiction over Canadian National Railway Company. More specifically, this discovery is limited to:

1

(a) Whether Canadian National Railway Company is subject to general jurisdiction in Mississippi including, but not limited to, whether it is "doing business" within the State of Mississippi such that its conduct falls under the "doing business prong" of the Mississippi long-arm statute, Miss. Code Ann. § 13-3-57[1], and whether general jurisdiction is appropriate under federal due process precedent.[2] As per Plaintiffs' motion and brief, Plaintiffs contend that Canadian National Railway Company may be subject to general jurisdiction due to its alleged police presence and authority in Mississippi, and/or due to the interactive CN website. Accordingly, general jurisdiction discovery shall be limited to those issues. (Defendant Canadian National Railway Company contends that any alleged police presence or use of an interactive website cannot establish general jurisdiction under the federal precedent cited in Footnote 3 below but is agreeable to allowing discovery on these topics).

(b) Whether Canadian National Railway Company is subject to specific jurisdiction in Mississippi, including, but not limited to, whether Canadian National committed a tort within the State of Mississippi such that its conduct falls under the "tort prong" of the Mississippi long-arm statute, Miss. Code Ann. §13-3-57, and whether specific jurisdiction is appropriate under federal due process precedent.

---

[1] Defendant Canadian National Railway Company contends that the "doing business prong" of the Mississippi long-arm statute has been abrogated by the recent U.S. Supreme Court precedent cited in Footnote 3.

[2] Defendant Canadian National Railway Company contends that such governing precedent is articulated in Daimler AG v. Bauman, 571 U.S. 117, 134, S.Ct. 746, 187 L.Ed.2 624 (2014), and BNSF Ry. Co. v. Tyrrell, 137 S.Ct. 1549, 198 L.Ed.2d 36 (2017). The Plaintiffs contend that other precedent may apply.

Plaintiffs shall be permitted 60 days from the date of entry of this Order to conduct jurisdictional discovery. If, after said 60 days has run, Plaintiffs or Defendants believe that additional time or discovery is required, Plaintiffs or Defendants may file a motion for additional 30 days of discovery, setting forth therein specific, articulable grounds for the additional discovery, the type of discovery requested, and why such discovery has not already been completed.

During the discovery period Plaintiffs will be allowed to propound up to 20 Interrogatories, 20 Requests for Production, and 20 Requests for Admission to each Defendant, and the Defendants shall respond thereto within thirty (30) days, in accordance with the Federal Rules of Civil Procedure. Should it desire to do so, Canadian National Railway Company may propound a similar number of written discovery items in compliance with the provisions of this paragraph.

The Plaintiffs will also be allowed to depose under Rule 30(b)(6), Fed.R.Civ.P., the corporate representative(s) of Illinois Central Railroad Company (Illinois Central") and Canadian National Railway Company during the discovery period.

Prior to taking a Rule 30(b)(6) deposition of Canadian National Railway Company and/or Illinois Central, Plaintiffs may depose, and/or subpoena documents as may be necessary from the following individuals: Nathan Judice, Anthony Dale, David Smith, Charles Brown, and Patrick Waldron. Based upon Canadian National Railway Company's discovery responses and/or the depositions or subpoena responses of all or some of the above-named individuals and/or Canadian National Railway Company and/or Illinois Central, Plaintiffs and Defendants may agree to additional discovery within the discovery period. However, if no agreement is possible, Plaintiffs may seek relief from the Court by motion.

Defendant Canadian National Railway Company will be allowed to depose at its discretion Floyd Melton, III during the 60-day discovery period, since he submitted an Affidavit in

Opposition to the Motion to Dismiss. The parties may obtain documents from third parties by subpoena as deemed necessary.

**All written discovery shall be propounded, and all depositions completed, no later than 30 days and 15 days, respectively, before the discovery deadline to facilitate obtaining responses and transcripts by the deadline.**

It is further ordered that following the completion of jurisdictional-related discovery, the Court will set an expedited briefing schedule, by separate Order, providing for supplementing of the Motion to Dismiss by Canadian National Railway Company followed by Plaintiffs' Response in Opposition, and a Rebuttal Response by Canadian National Railway Company.

SO ORDERED, this the 19th day of September, 2018.

                                                               /s/ Jane M. Virden
                                                    U.S. MAGISTRATE JUDGE