**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MELTON PROPERTIES, LLC., et al.**                                                         **PLAINTIFFS**

**V.**                                                                        **NO. 4:18-CV-79-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, et al.**                                                                         **DEFENDANTS**

**ORDER**

On March 27, 2018, Melton Properties, LLC, McMillan Acres, and various individual plaintiffs filed this action, asserting diversity jurisdiction and federal question jurisdiction. Doc. #1.

A federal court has "a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019). For diversity jurisdiction to exist, the parties must be completely diverse. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). To be completely diverse "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Id.* (alterations omitted). In that regard, "the citizenship of an LLC is determined by the citizenship of all of its members." *Id.* at 314 (alterations omitted). "[A] partnership is a citizen of every state in which one of its partners or members is a citizen." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019).

Here, to the extent the complaint asserts diversity jurisdiction, the complaint does not allege the citizenship of the members of Melton Properties or the partners of McMillan Acres.[1]

---

[1] The complaint alleges McMillan Acres is a "Mississippi partnership." Doc. #1 at ¶ 3.

Accordingly, within seven (7) days of this order, the plaintiffs[2] must file an amended complaint pursuant to 28 U.S.C. § 1653,[3] or inform the Court that they wish to proceed only under federal question jurisdiction.

**SO ORDERED**, this 6th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The burden of establishing diversity jurisdiction rests with the party asserting its existence. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

[3] The amended pleading shall modify only the jurisdictional allegations pleaded and, therefore, will not moot the pending motion to dismiss or otherwise require a response on the part of the defendant. *See Denicola v. Potter*, No. 19-cv-11391, 2019 WL 3842936, at *3 (D. Mass. Aug. 15, 2019) ("Because the allegations in the amended complaint concerning Potter are identical to those in the original complaint, Potter … is not required [to] file an answer or other responsive pleading to the amended complaint."); *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 09–CV–799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) ("[W]hen a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss.").