IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MELTON PROPERTIES, LLC;**
**FLOYD M. MELTON, JR.;**
**FLOYD M. MELTON III; MOSS B. MELTON;**
**McMILLAN ACRES; DANNY HARGETT;**
**JANE HART McMILLAN HARGETT;**
**DAVID HARGETT**                                                                        **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO. 4:18-cv-00079-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, et al.**                                                                       **DEFENDANTS**

## ORDER STAYING REMEDIATION-RELATED DISCOVERY

This matter is before the court following the [116] hearing on the pending [111] motion of the defendant, Illinois Central Railroad Company, to stay remediation-related discovery and to continue the trial date[1] and all discovery deadlines, pending a ruling on defendant's motion to dismiss [108]. The court, having considered the motion and corresponding briefing, finds that the motion should be GRANTED in part and DENIED in part.

As stated in this court's opinion in *Golden Rule Fasteners Inc. v. Neverleak Co., LP*, No. 3:17-CV-249-MPM-JMV, 2019 WL 257983 (N.D. Miss. Jan. 17, 2019),

> District Courts have the authority to manage their dockets and discretion to stay proceedings. *Peavey Elecs. Corp. v. Music Grp. Servs. US, Inc.*, No. 3:13-CV-934-HTW-LRA, 2014 WL 12323520, at 2 (S.D. Miss. Mar. 10, 2014). In exercising such discretion, Courts consider the following factors to determine whether the benefits of the stay outweigh the burdens of the stay: 1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; 2)

---

[1] In as much as the timing of the trial are within the purview of the district judge assigned the case, the undersigned is without authority to grant a trial continuance or, given the existing trial date, extend the existing deadlines. Therefore, to that extent, the motion is denied. The movant has been instructed that, in order to have the matter of continuance of the trial setting properly presented to the district judge, it is to refile—by noon March 4, 2020—a separate, stand-alone, motion seeking that relief.

whether stay will simplify the issues in question and the trial of the case; and 3) whether discovery is complete and a trial date has been set.

In this case, these factors weigh in favor of a brief stay of remediation-related discovery.[2] Notably, the brevity of the stay mitigates against any claim of substantial prejudice to plaintiffs and does not, of itself, mandate a trial continuance. Therefore, the court will stay remediation-related discovery for the earlier of 1) the date of any order on the pending motion to dismiss [108], 2) the date of any order on the forthcoming motion to continue the trial date, or 3) a 45-day period from this day.

No longer stay or continuation of scheduling deadlines is warranted given the existing trial date. Should the trial date be continued, the movant may renew its motion for a further stay of remediation-related discovery and continuance of deadlines, but counsel are all cautioned that any renewed motion and response should address in detail precisely what remediation-related discovery is sought to be stayed and the basis therefor.

**SO ORDERED**, this the 3rd day of March, 2020.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Excepted from the stay are any subpoenas previously issued to third parties that have been or are to be responded to.