IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MELTON PROPERTIES, LLC. et al.**                                               **PLAINTIFFS**

**V.**                            **CIVIL ACTION NO. 4:18-cv-00079-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD CO. et al.**                          **DEFENDANTS**

**ORDER**

This matter is before the court to memorialize the court's ruling from the bench following oral argument [166] regarding the instant motion [157] of defendant, Illinois Central Railroad Company ("ICRR"), for a stay of certain discovery until the earlier of a ruling on the pending motion [108] to dismiss (or, alternatively, to stay) or September 25, 2020, and to extend case management deadlines. As set forth below, the motion is granted in part and denied in part.

**Law and Analysis**

*Stay of Discovery Related to Liability for Alleged Negligent Remediation and all Damages*

District courts have the authority to manage their dockets and discretion to stay proceedings. *Peavey Elecs. Corp. v. Music Grp. Servs. US, Inc.*, No. 3:13-CV-934-HTW-LRA, 2014 WL 12323520, at 2 (S.D. Miss. Mar. 10, 2014). In exercising such discretion, courts consider the following factors to determine whether the benefits of a stay outweigh the burdens: 1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; 2) whether a stay will simplify the issues in question and the trial of the case; and 3) whether discovery is complete and a trial date has been set. *Golden Rule Fasteners Inc. v. Neverleak Co., LP*, No. 3:17-CV-249-MPM-JMV, 2019 WL 257983, at *2 (N.D. Miss. Jan. 17, 2019).

Regarding the first factor, prejudice, the court finds that a brief stay, under these circumstances, will not unduly prejudice the plaintiff. Further, a stay could simplify the issues for

which discovery will be necessary. Finally, as the court is only allowing a brief stay, and the trial has recently been continued [154], there will not likely be any interference with the trial setting.

Therefore, discovery regarding remediation-related liability and/or damages—flowing from either alleged negligent derailment and/or alleged negligent remediation—is stayed until July 14, 2020,[1] provided that the defendant may move to extend the stay by doing so no later than June 24, 2020. Provided further, as concerns the subpoenaed "GHD documents",[2] those documents shall be produced along with a privilege log, in accordance with the court's order entered today concerning the same, no later than July 14, 2020, irrespective of any renewed motion for an extension of the stay.

*Extension of Case Management Deadlines*

Finally, for good cause shown, and finding no opposition, the court hereby extends the case management deadlines in this case as follows:

1. Plaintiff shall designate expert witnesses by January 4, 2021;

2. Defendant shall designate expert witnesses by February 4, 2021;

3. All discovery shall be completed by April 1, 2021;

4. All *Daubert*-type motions shall be filed by May 3, 2021 and

5. All dispositive motions shall be filed by May 17, 2021.

As only five months now remain between the dispositive motions deadline and the trial date, the parties are forewarned that no further extensions shall be granted, absent a trial continuance.

---

[1] In the event the district judge assigned to this case rules on the pending [108] motion to dismiss, or in the alternative, stay prior to July 14, 2020, this stay will lift at that time.
[2] The documents are the subject of a subpoena by the plaintiffs to GHD Services, Inc. and are also the subject of a pending motion [124] for a protective order and a pending [126] motion to quash.

SO ORDERED, this the 12th day of May, 2020.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE