**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**MELTON PROPERTIES, LLC** *et al*.                              **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO. 4:18-cv-00079-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD
COMPANY** *et al*.                              **DEFENDANTS**

## CORRECTED ORDER

This matter is before the court on the urgent and necessitous motion [236] of the plaintiffs for clarification or, in the alternative, an enlargement of time to respond to a subpoena issued to their expert witness, Southern Environmental Management & Specialties, Inc. ("SEMS"). Following expedited briefing, the matter is now ripe for decision. For the reasons discussed below, the court finds that, while there is no need for clarification, SEMS and plaintiffs will have until November 23, 2020 to respond to the subpoena and produce any related log(s).

*Procedural History*

On September 23, 2020, the undersigned ordered, Doc. #217, a response to defendant's subpoena deuces tecum to plaintiffs' remediation expert witness, SEMS, upon certain conditions, within thirty (30) days.

Thereafter, on September 29, 2020, Judge Brown, the District Judge assigned to this case, entered an order [222], *inter alia*, staying the plaintiffs' remediation related claims for a period of ninety (90) days, or until December 28, 2020.

Since the entry of the Judge Brown's stay order and filing of the instant motion, her chambers has instructed the undersigned that, while the remediation stay order [222] is self-explanatory, the undersigned is, nevertheless, directed to consider whether, under the circumstances asserted by the plaintiffs in the instant motion and briefing, a further ruling, as

relates to the timing of SEMS's obligation to respond the aforementioned subpoena deuces tecum is warranted.

*Analysis*

In support of the instant motion, plaintiffs assert that the District Judge's order [222], on its face, stays all aspects of plaintiffs' remediation related claims, including the obligation to respond to the SEMS's subpoena of remediation related documents until December 28, 2020. Alternatively, the plaintiffs request an additional thirty days, until November 23, 2020, to produce the privilege log and other documents responsive to the subpoena, citing in support that the documents are "voluminous." Doc. #236 at 4.

In response, the defendant asserts that in earlier orders made by the undersigned intermittently granting defendant's request to stay discovery regarding the remediation related claims, specific exception to the stay was made regarding subpoenas already served by plaintiffs when the stays were entered. *See* Doc. #170. Further, the defense points out that, presently, their expert designation deadline is February 4, 2021. Consequently, defendant, points out, they will need the responses to the SEMS subpoena and the related log(s) before December 28, 2020 if they are to be prepared to designate their experts by their deadline.

In keeping with the District Judge's directive to the undersigned as noted above, the undersigned, on review, finds that while some extension of time to respond to the SEMS subpoena is warranted due to the asserted volume of materials, that extension should be measured.

First, an extension until December 28, 2020, will likely interfere with a timely designation of defendant's expert witnesses, and with a trial date of October 18, 2021, there is no room for an extension of the deadline of any length. Second, while the District Judge's [222] order stays any litigation of remediation related claims until December 28, 2020, the subject subpoena of SEMS

arguably seeks documents not strictly related to remediation efforts at the subject site and parsing through them to segregate the documents would appear an inefficient use of time.[1]

On balance then, SEMS and plaintiffs will have until November 23, 2020 to fully respond to defendant's subpoena issued to SEMS and produce any related logs.

Finally, upon the expiration of the ninety (90) days following Judge Brown's September, 29th order, plaintiffs shall contact the court to schedule a discovery conference.

**SO ORDERED**, this Wednesday, November 04, 2020.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1] On July 24, 2020, defendant Illinois Central Railroad Company ("ICRR") served a subpoena duces tecum on SEMS requesting the production of "all documents related in any way to the Illinois Central Railroad Company derailment in Leflore County, Mississippi, that occurred on March 30, 2015…." Doc. #189 at 2. And, in briefing related to the subpoena plaintiffs concede that SEMS, in addition to evaluating remediation for litigation purposes, also "evaluated the spill[;]" and "to the extent SEMS personnel have been onsite at the Meltons' property multiple times beginning shortly after the Spill, Plaintiffs do not dispute that such individuals may have certain information that would fit within their minor roles as 'viewer[s] with respect to transactions or occurrences that are part of the subject matter of the lawsuit.'" Doc.# 212.