IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MELTON PROPERTIES, LLC., et al.**                        **PLAINTIFFS**

**V.**                             **NO. 4:18-CV-79-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, et al.**                                            **DEFENDANTS**

## ORDER EXTENDING STAY

On March 27, 2018, the plaintiffs commenced this action in the United States District Court for the Northern District of Mississippi, asserting state and federal claims arising from a toxic spill caused by a March 30, 2015, derailment of a railcar owned by Union Tank, which was being transported by "Illinois Central and/or Canadian National" on tracks "owned by Illinois Central and/or Canadian National." Doc. #1. On September 29, 2020, this Court stayed for 90 days the plaintiffs' remediation-related claims for injunctive relief under the doctrine of primary jurisdiction and, to avoid piecemeal litigation, also stayed the remediation-related claims for damages. Doc. #222 at 26–27. The Court twice extended the stay for 180 days under the primary jurisdiction doctrine and conditioned any additional stay on a showing of good cause and lack of irreparable harm to the plaintiffs. Docs. #351, #376. The current stay is set to expire August 30, 2022.

On July 12, 2022, Illinois Central filed a motion to extend the current stay an additional 180 days. Doc. #379. Illinois Central represents that it "has implemented the remedial plan approved by [the Mississippi Department of Environmental Quality ("MDEQ")] and has made significant progress towards achieving the remedial goals," it "is on pace to complete all active remediation by the scheduled completion date of October 2023, and MDEQ remains committed to

ensuring that this deadline is met." *Id.* at 2. The plaintiffs respond that "[w]hile [they] dispute that [Illinois Central] has made significant progress," they do not object to "its attempt to implement the remediation plan, and thus, do not object to the extension of the stay for an additional 180 days, or if the Court prefers, a single stay lasting until August 2023 to avoid returning to this familiar ground again six months hence."[1] Doc. #383 at 1–2.

For all the reasons articulated in this Court's previous orders[2] and based on the representation that remediation is ongoing and set to be complete by October 2023, the Court concludes there is good cause to extend the stay and that such extension will not result in irreparable harm to the plaintiffs. Illinois Central's motion to extend stay [379] is **GRANTED**. The current stay is extended under the primary jurisdiction doctrine by one hundred and eighty (180) days from August 30, 2022.[3]

**SO ORDERED**, this 22nd day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] In their response, the plaintiffs also "request that in conjunction with a *longer* stay, this Court should enter a scheduling order and set this matter for trial." Doc. #383 at 1. As Illinois Central correctly argues, "including a request for relief in a response to a motion violates the Local Rules of this Court. If plaintiffs desire a trial setting and the entry of a scheduling order, then plaintiffs should file a separate motion to properly place this issue before the Court." Doc. #384 at 2 (citing L.U. Civ. R. 7(b)(3)(C)). The Court will not consider the plaintiffs' procedurally improper request.

[2] *See* Doc. #351 at 16–25; Doc. #376 at 8–15.

[3] While the plaintiffs do not object to a stay through August 2023, the Court declines to grant a stay longer than that requested by Illinois Central, especially given this Court's previous observation that "a court may guard against irreparable harm by limiting a stay to 180 days and then conditioning an additional stay on a showing of good cause and lack of irreparable harm." Doc. #351 at 24 (citing *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 810 F.3d 299, 313 (5th Cir. 2016)).