IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MELTON PROPERTIES, LLC., et al.**                        **PLAINTIFFS**

**V.**                        **NO. 4:18-CV-79-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, et al.**                        **DEFENDANTS**

## ORDER

On August 22, 2022, the Court extended the stay in this case under the primary jurisdiction doctrine based on the remediation efforts overseen by the Mississippi Department of Environmental Quality. Doc. #386. The stay is set to expire on February 26, 2023. *See id.* at PageID 9106.

On September 12, 2022, the plaintiffs filed a "Motion for Trial Setting" requesting that the Court "set this matter for trial during the summer of 2024." Doc. #387. The plaintiffs argue the Court should set trial for July 2024 "[b]ecause a substantial amount of discovery has already been conducted, because [they] have been waiting to be made whole for more than seven years (nine by the time of the requested trial date), and because there is no hinderance to the parties' ability to prepare for trial within [the] requested timeframe." Doc. #388 at 1. Illinois Central opposes the motion, arguing that "(1) it is premature to set a trial date and scheduling deadlines while the MDEQ-directed remediation is progressing and the stay remains in place, and (2) the trial date and schedule proposed by Plaintiffs will not allow sufficient time for expert designations, discovery, and/or motion practice." Doc. #390 at 1–2.

The Court is certainly cognizant of the amount of time this case has been pending. But given the nature and course of this litigation, the current stay of this case, the reasons for the stay

articulated in prior orders,[1] the fact that the timing and extent of discovery will be impacted by the progress of the ongoing remediation (which, in turn, will ultimately determine what date is appropriate for trial), the motion for trial setting [387] is **DENIED without prejudice**.[2]

**SO ORDERED**, this 28th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] As specified in the Court's prior orders, any extension of the stay is "conditioned … on a showing of good cause and lack of irreparable harm to the plaintiffs." Doc. #386 at 1.

[2] The trial date requested by the plaintiffs is over nineteen months in the future. If the plaintiffs renew their request for a trial date closer to the expected completion date of remediation—at which time the parties will no doubt be more informed about the successfulness of the remediation and its impact on discovery—the Court could still set trial for July 2024, if appropriate.