## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**MELTON PROPERTIES, LLC, et al.**                                                            **PLAINTIFFS**

**V.**                                                          **NO. 4:18-CV-79-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, et al.**                                                         **DEFENDANTS**

## ORDER

Illinois Central Railroad Company has moved to extend the stay of this case through October 31, 2023, and the plaintiffs have moved for a summer 2024 trial setting. For the reasons below, the motion to extend the stay will be granted (but the stay lifted as of the entry of this order), and the motion for a trial setting will be granted in part.

## I
## Relevant Procedural History

On March 27, 2018, the plaintiffs commenced this action in the United States District Court for the Northern District of Mississippi, asserting state and federal claims arising from a toxic spill caused by a March 30, 2015, derailment of a railcar owned by Union Tank, which was being transported by "Illinois Central and/or Canadian National" on tracks "owned by Illinois Central and/or Canadian National." Doc. #1 at 4. On September 29, 2020, this Court stayed for ninety days the plaintiffs' remediation-related claims for injunctive relief under the doctrine of primary jurisdiction and, to avoid piecemeal litigation, also stayed the remediation-related claims for damages. Doc. #222 at 26–27. The Court extended the stay for 180 days on four separate occasions based on the primary jurisdiction doctrine and conditioned any additional stay on a showing of good cause and lack of irreparable harm to the plaintiffs. Docs. #351, #376, #386, #399.

On August 25, 2023, Illinois Central filed a motion to extend the stay until October 31, 2023.[1] Doc. #400. On September 8, 2023, the plaintiffs filed a motion asking that "the Court set this matter for trial during the summer of 2024."[2] Doc. #403 at 1. Briefing on both motions is complete. *See* Docs. #401, #402, #407 (motion to stay briefing); Docs. #404, #409 (motion for trial setting briefing).

## II
## Discussion

### A. Motion to Extend Stay

As reasons to extend the stay through October 31, Illinois Central represents that (1) it "has substantially achieved the remedial goals;" (2) "Plaintiffs are now farming the Melton property;" (3) its "risk assessment supports setting an appropriate [target remedial goal ("TRG")] for the limited groundwater contamination that remains on the Melton property;" (4) an extension of the stay is warranted "under the doctrine of primary jurisdiction;" and (5) "[t]he very short delay associated with the requested extension of the current stay will not irreparably harm plaintiffs." Doc. #401 at 3, 5, 6, 8, 11. The plaintiffs respond that (1) Illinois Central "disingenuously frames its motion as the result of potential 'new' information or remediation standards [but] chose not to request a more lenient remediation standard from [the Mississippi Department of Environmental Quality ("MDEQ")] until *more than a year* after receiving the expert report," and (2) they "offered not to oppose the motion on one simple condition: that [Illinois Central] would in turn agree to jointly request a trial setting from this Court." Doc. #402 at 1, 2. Illinois Central replies that

> there is "good cause" for this Court to issue a short extension of the stay of this case through October 31, 2023, to allow (a) MDEQ to evaluate EPA's recommendation

---

[1] According to Illinois Central, the most recent stay expired August 25, 2023. Doc. #400 at 2.

[2] The Court denied the plaintiffs' earlier motion for a summer 2024 trial setting because of the nature and course of this litigation, the then-existing stay of the case, the reasons for stays articulated in prior orders, and the fact that the timing and extent of discovery would be impacted by the progress of the ongoing remediation. Doc. #392 at 1–2.

2

> and the comments from the parties' experts; (b) MDEQ to issue a decision on [Illinois Central's] request for a site-specific TRG; and (c) the parties to evaluate MDEQ's decision and its impact on the remediation and this litigation.

Doc. #407 at 2–3. Illinois Central further submits that "[a] final decision from MDEQ is expected in the near future" and "if MDEQ establishes a site-specific TRG that brings active remediation to a close, then there may be no justification for extending the stay of this case beyond October 31, 2023."[3] *Id.* at 2, 4.

For all the reasons articulated in this Court's previous stay orders and because Illinois Central requests only a brief extension of the stay, the motion to extend the stay through October 31 will be granted. But because the October 31 extension date has passed without any further request for extension—which suggests a further stay is not necessary—the stay will be lifted upon entry of this order.

### B. Motion for Trial Setting

The plaintiffs submit "a trial should be set for August 2024 or another time during summer 2024" because (1) "[t]he previous stay … has expired;" (2) "Defendants' self-imposed and MDEQ-accepted deadline of October 2023 to complete remediation of Plaintiffs' property is less than one month away;" (3) and "[t]here is no hindrance to the parties completing all necessary discovery and motion practice in the 11 months between September 2023 and August 2024." Doc. #403 at 1. The plaintiffs further submit that "[i]f unforeseen circumstances arise, nothing prevents [Illinois Central] from seeking a continuance." Doc. #404 at 6.

Opposing the motion, Illinois Central argues that (1) the plaintiffs' motion is "premature" because "the full scope of the issues to be litigated will not be known until the remediation is

---

[3] In its original memorandum brief, Illinois Central indicates that MDEQ intends to respond to its request for a TRG by approximately September 8, 2023. Doc. #401 at 2. Since filing its reply, Illinois Central has not provided any update regarding the status of such response by MDEQ.

3

completed;" and (2) "Plaintiffs' proposed schedule would not allow sufficient time for expert designations/supplementations, discovery, and/or motion practice."[4] Doc. #409 at 4, 5.

Given the reasons for the Court's decision above to lift the stay, no reason exists to further delay the setting of a trial date (or the setting of new deadlines for discovery, expert designations, and motions). However, considering the discovery the Court expects will need to be conducted and the early estimations regarding the length of trial and the number of witnesses anticipated to be called,[5] trial will be set for a date later than the summer of 2024. So the motion for a trial setting will be granted in part.

### III
### Conclusion

Based on the rulings above:

1. The motion for an October 31, 2023, extension of the stay [400] is **GRANTED**. However, the stay is **LIFTED** upon the entry of this order.

2. The motion for a trial setting [403] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it requests a trial setting and DENIED in all other respects. Trial will be set for October 7, 2024, by separate notice.

**SO ORDERED**, this 20th day of November, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Illinois Central elaborates that it "has not taken any fact witness depositions" and "will need adequate time to schedule and take multiple fact witness depositions before it designates experts." Doc. #409 at 6.

[5] *See* Doc. #99.