**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MELTON PROPERTIES, LLC et al.**                                            **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 4:18-cv-079-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD COMPANY et al.**                    **DEFENDANTS**

**ORDER**

This matter is before the court on Plaintiffs' June 19, 2024, motion [Doc. No. 494] by which Plaintiffs seek, generally, an order requiring timely supplementation of (1) soil and groundwater sampling results from the July 1, 2024, discovery deadline to the time of trial and (2) all of Defendant's discovery responses through the date of the discovery deadline. Defendant has filed its response in opposition [Doc. No. 512] and Plaintiffs have filed their reply [Doc. No. 521]. For the reasons explained below, the motion is denied, with a single caveat discussed hereafter relating to the timing of Plaintiffs' access to future sampling results through the date of trial.

**I.    Background and Procedural Posture**

As previously described in this Court's June 14, 2024, Order [Doc. No. 489], discovery in the case has occurred in "fits and starts" due primarily to discovery stays pending remediation efforts. As it stands now, the discovery deadline ran on July 1, 2024.[1] *Daubert* motions are due August 1, 2024, and dispositive motions are due September 2, 2024. Trial is set for February 3, 2025.

---

[1] The parties have received an extension [Doc. No. 498] for the limited purpose of taking certain depositions until July 31, 2024. All other discovery was to have been completed by the prior deadline of July 1, 2024 [Doc. No. 423].

The instant motion was filed on June 19, 2024, and full briefing (which followed a typical briefing schedule with no extensions) was completed on July 10, 2024, after the close of discovery.

By way of background, this action was filed on March 27, 2018, following a train derailment and spillage of heavy oil resins that occurred on or about March 30, 2018. The derailment and spillage are alleged to have contaminated Plaintiffs' agricultural land and otherwise caused them significant economic damages. Ongoing remediation efforts are a significant point of contention in this case.

Those efforts, undertaken by the defendant railroad, via its contractor GHD under the supervision of the Mississippi Department of Environmental Quality ("MDEQ"), have entered the monitoring phase. Pursuant to Agreed Order No. 7291-23 of the Mississippi Commission on Environmental Quality ("Agreed Order") (Exhibit "A" [Doc. No. 494-1]), ICRR and/or GHD must perform quarterly monitoring of groundwater wells and soil borings at the site of the March 2015 train derailment indefinitely. These quarterly monitoring events represent an effort to ascertain if the remediation has successfully reduced DCPD contamination below the applicable target remediation goals without the remediation system actively operating, or if, instead, additional remediation will be required. To accomplish the quarterly monitoring the Agreed Order provides that GHD collects soil and groundwater samples, preserves them, and ships them to a laboratory for analysis. GHD then apparently receives the laboratory results, takes 30-60 days to prepare a report to accompany the results, and submits said report to MDEQ, copying Plaintiffs with the report at that time. The next such report is anticipated by Plaintiffs to not be prepared until the eve of trial or perhaps later.

In their motion for supplementation pursuant to FRCP 26(e), Plaintiffs seek three forms of relief:

(1) An order requiring supplementation of "all [D]efendant['s] discovery Responses", through the date of the discovery deadline, July 1, 2024, or, alternatively, an order requiring Defendant to "declare affirmatively that throughout the past four years no new responsive documents or communications have come into existence";

(2) an order requiring supplementation of soil and groundwater sampling results occurring from the discovery deadline to the date of trial; and

(3) an order clarifying ICRR's existing obligation under the aforementioned Agreed Order to produce to Plaintiffs all future laboratory results as they are received by Defendant's testing contractor GHD, as opposed to awaiting their provision by GHD to MDEQ in a prepared report, the creation of which is asserted to take over a month or two after the date on which the quarterly sample results themselves are received by GHD.

In support of the first request, one for an order requiring supplementation, through the date of the discovery deadline, July 1, 2024, of all of Defendant's discovery responses, Plaintiffs assert that, since 2020, they have received no supplemental discovery responses from ICRR aside from 89 photographs. Noting that in that four-year period, ICRR and GHD have engaged in active remediation and monitoring activities at the site, Plaintiffs assert "numerous emails, work plans, and other relevant documents responsive to various discovery requests may be assumed to have been created in the intervening time." According to Plaintiffs, they are entitled to such supplementation pursuant to Local Civil Rule 26(a)(5), which requires supplementation at

appropriate intervals and in no event later than the discovery deadline set by the case management order.

In support of the second request, one for an order requiring "timely" supplementation of soil and groundwater sampling results occurring from the discovery deadline to the date of trial, Plaintiffs assert the obligation to timely supplement discovery under Rule 26(e) does not end with the discovery deadline, but instead "runs through the time of trial." They cite the following authorities for this proposition: *Louisiana Corral Management, LLC v. Axis Surplus Ins. Co.*, Order and Reasons, Civ. Act. No. 22-2398, 2023 WL 2185981 at *12 (E.D. La. Feb. 23, 2023); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 764 (5th Cir. 1989); *Brooks v. Stringer*, 2007 WL 43819, *2 (S.D. Miss. 2007); *Betts v. Gen. Motors Corp.*, Civ. Act. No. 3:04-CV-169, Order, 2008 WL 11342869 at *2 (N.D. Miss. Aug. 19, 2008); *cf. Miss. Coast Physicians LLC v. Multiplan, Inc.*, Civ. Act. No. 1:16cv273, Memorandum Order, 2018 WL 9619347 at *3-4 (S.D. Miss. Jan. 23, 2018).

As to Plaintiffs' request for an order clarifying the Agreed Order No. 7291-23 of the Mississippi Commission on Environmental Quality so as to require GHD to submit to Plaintiffs the quarterly sampling results when they are received by GHD rather than 30-60 days later in the form of a compiled report, Plaintiffs cite no authority.

In opposition to the instant motion, Defendants argue:

    (1) that it is untimely because Plaintiffs waited until June 19, 2024—less than two weeks from the expiration of the discovery deadline—to submit their "Rule 26(e)" discovery motion requesting from the Court an order "requiring" immediate and future supplementation from ICRR. Local Rule 7(b) requires that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow

response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ.R. 7(b)(2)(C);

(2) in any event, Plaintiffs have now received the additional information they demanded in their discovery motion by virtue of supplementation filed July 1, 2024;

(3) the future quarterly sampling results through the end of the year are not covered by any discovery request propounded during discovery period to Defendant, thus are not properly the subject of a motion to supplement a prior response thereto and even if they were the motion to supplement is improper since it fails to identify the specific interrogatories or requests for production as required in Local Rule 37(b): "[m]otions raising issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36, and 37, must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed . . .." Failure to comply with this requirement "will result in a denial of the motion without prejudice. . .." L.U. Civ. R. 37(c); and

(4) even still, Defendants point out that Plaintiffs are already entitled to receive the sampling results pursuant to the aforementioned Agreed Order of the Mississippi Commission on Environmental Quality and ICRR, just not as quickly as Plaintiffs would like.

By way of their reply, Plaintiffs argue that the sampling results are responsive to multiple valid discovery requests, although they do not identify any particular one. Additionally, no motion to supplement is necessary as the duty to supplement is ongoing and continues through the time of trial. Lastly, while Plaintiffs acknowledge Defendant has now supplemented (and is in the

process of further doing so) its prior discovery responses through the discovery deadline, they contend they are still entitled to an order granting their motion.

## II. Law and Analysis

I find that the motion seeking supplementation of Defendant's discovery responses through the discovery deadline is not proper for a host of reasons.

First, the motion seeks an order mandating Defendant provide supplemental discovery responses to all of Plaintiffs' prior discovery requests and then – confusingly – seeks the order with respect to unidentified requests for production. Either way, this violates Local Rule 37, which requires that motions raising issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36, and 37, must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed. Failure to comply with this rule will result in a denial of the motion without prejudice to the party, who may refile the motion upon conformity with this rule.

Second, the motion, coming just two weeks prior to the discovery deadline, is not timely made. *See* L.U. Civ. R. 7(b)(2)(C) ("A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline.").

Third, the motion is not accompanied by the required good faith certificate. *See Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 2185981, at *5 (E.D. La. Feb. 23, 2023) (a motion demanding Rule 26(e) supplementation is subject to Rule 37(a)(1)'s pre-filing meet-and-confer requirement). Nor was it made in compliance with the CMO's informal discovery resolution provision. *See* Case Management Order [Doc. No. 100] at p. 3, section 6(F)(4).

Fourth, and most importantly, the defendant represents that it, as it previously discussed with Plaintiffs' counsel that it would, has now (as of the discovery deadline) supplemented its prior discovery responses, and though Plaintiffs nevertheless insist their motion must be granted, they do not identify a single discovery request that has not now been supplemented.

With respect to the request for an order mandating that Defendant produce to Plaintiffs any future sampling results up to the date of trial, the motion is not well taken.

First, pursuant to the local rules of civil procedure in the northern and southern districts of Mississippi, there is *no* duty to supplement beyond the discovery deadline, absent an order compelling a party to do so or a material defect in a prior discovery response. *See* L.U. Civ. R. 26(a)(5) ("Supplementation of Discovery. A party is under a duty to supplement disclosures at appropriate intervals under FED. R. CIV. P. 26(e) and in no event later than the discovery deadline established by the case management order."); L.U. Civ. R. 26(b)(1) ("The discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made and by which all depositions must be concluded. Supplementation of disclosures must be concluded by the discovery deadline."); *see also Multiplan, Inc.*, 2018 WL 9619347, at *3 ("All responses to written discovery, including supplementation of responses and disclosures, must be concluded by the discovery deadline.") (citing L.U. Civ. R. 26(b)(1)). And, as for the cases cited by Plaintiffs for a contrary position, a careful review of the same demonstrates that none of the authorities relied on by Plaintiffs dictate otherwise insofar as the northern and southern districts of Mississippi are concerned.

Second, apparently there is no need, in any event, for an order requiring supplementation of the future sampling results as Plaintiffs are already entitled to them.

Third, to the extent Plaintiffs contend that they are not entitled to receive or be informed of the sampling results as soon as they are accessible by Defendant, but instead only 30-60 days after the defendant has access to that information, I will require, in the exercise of discretion, that Defendant immediately share such information with Plaintiffs as soon as Defendant has the ability to access the sampling results, either verbally or documented, and regardless of when the compilation of the same (via the report of GHD) becomes available. To be clear, however, if Defendant will not have access to such information prior to its production in the form of a compiled report by GHD, then this order will not apply. In short, both parties will have access to the sampling results, whether compiled or not, at the same time.[2]

THEREFORE, IT IS ORDERED that Plaintiffs' motion for supplementation is denied, except that Defendant, to the extent applicable as explained above, is to immediately share the soil and groundwater sampling results as soon as they become available to Defendant.

**SO ORDERED**, this the 18th day of July, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned makes no comment on the admissibility at trial of the same, as that is within the exclusive purview of the District Judge.