**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MELTON PROPERTIES, LLC, et al.**                                           **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO.: 4:18-cv-79-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD
COMPANY, et al.**                                                     **DEFENDANTS**

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

This matter is before the court on Plaintiffs' Motion to Compel and for Sanctions. [Doc. 588]. For the reasons discussed below the motion is **DENIED.**

### Relevant Factual and Procedural Background

This action was filed on March 27, 2018, following a train derailment and spillage of heavy oil resins that occurred on or about March 30, 2015. The derailment and spillage are alleged to have contaminated Plaintiffs' agricultural land and otherwise caused them significant economic damages. Due to substantial stays of the case for purposes of completing remediation efforts, discovery in the matter occurred initially in "fits and starts," but ran uninterrupted from November 11, 2023, (when the stay was lifted for the final time and trial reset for February 2, 2025), through Plaintiffs' newly set expert designation deadline of March 1, 2024, and Defendants' of May 1, 2024, to completion on July 1, 2024.

On June 14, 2024, just prior to expiration of the July 1, 2024, discovery period, the parties filed a joint motion [Doc. 490] to extend the discovery deadline until July 31, 2024, for the limited purpose of taking certain specified depositions, including two 30(b)(6) depositions of Illinois Central Railroad Company ("ICRR"). At the time that the joint motion was filed, the Daubert

1

deadline, which was set to expire on August 1, 2024, and the dispositive motion deadline set to expire September 2, 2024, could not themselves be extended absent another trial continuance.[1]

Accordingly, the undersigned, in a telephonic status conference with counsel for the parties, advised that the joint motion to take these certain specified depositions by July 31, 2024, could not be granted absent another trial continuance. In the alternative, the undersigned would permit the extension with, the joint oral and written representation of the parties that delaying the depositions until July 30, 2024, would under no circumstances and without exception interfere with the timely filing of their respective Daubert and dispositive motions when the Daubert motions deadline was firmly set at August 1, 2024, and the dispositive motion deadline was firmly set for September 2, 2024. The parties were further forewarned that they would not be heard to complain regarding any issues related to the depositions after July 31, 2024, one day following the date of the depositions.

In fact, during the telephonic conference, the undersigned specifically pointed out to counsel that among the issues taking these depositions so late created was the fact that any issues related thereto would have to be resolved no later than July 31, 2024, and that plainly meant that deposition transcripts would not be available to the parties or the court for their resolution. The parties were also informed they could contact the undersigned by phone during the deposition to resolve issues as well. As hereinafter explained, no effort to contact the Court whatsoever was made during the depositions or during the course of the final day for resolving any unexpected deposition issues that might have arisen. As counsel are well aware, the Court followed its verbal admonishments by explicitly ruling, in granting the joint motion to allow the late depositions, that the Court would entertain disputes regarding the depositions only through the last date for their

---

[1] Chief Judge Brown requires five months between the deadline for dispositive motions and the trial date.

2

taking, July 31, 2024. In addition, the parties made the oral and written representations concerning timely completion of their Daubert and dispositive motions discussed previously.

It is against this backdrop, that the parties timely filed their dispositive and Daubert motions. On the other hand, and despite the fact that discovery ran on July 1, 2024, and having been *ordered* that the deadline to raise any dispute in connection with depositions taken July 30, 2024, would be July 31, 2024, Plaintiffs then filed the instant motion on September 5, 2024. Therein, Plaintiffs request that the Court "compel the 30(b)(6) deponent John Anderson to answer the question of the number of times he has testified as an expert on behalf of ICRR." *See* Plaintiffs' Memo in Support of Motion to Compel and For Sanctions [Doc. 589]:

> 11. Plaintiffs move this Court for an award of sanctions for the Defendant, ICRR's expert John Anderson's total failure to respond to the question of how many times he has testified as an expert witness for ICRR.
>
> …
>
> Plaintiffs respectfully request the Court to sanction Defendant, ICCR and its employee John Anderson for their failure to respond to the 30(b)(6) deposition question of how many times Mr. Anderson has testified as an expert witness for ICRR and enter an Order granting Plaintiffs Motion to Compel and for Sanctions.

[Doc. 589] at 4.

The Court notes with regard to the relief sought in the instant motion, that it is not a model of clarity as it specifically asks only to compel the information cited above, but includes in the body of the memorandum complaints about the witness's alleged inability to respond to Topic 38 as well. Topic 38 reads in its entirety:

> 38. The number of times ICRR Track Supervisor John Anderson has testified by deposition or at trial on behalf of ICRR or any other railroad, including the identity of the lawsuit he testified in and the date of such testimony.

[Doc. 589] at 1.

3

Confusion aside, Plaintiffs make the following specific additional representations in the instant motion:

> On or about July 29, 2024, ICRR filed its Response and Objections to Notice of 30(b)(6) Deposition Concerning Track Related Matters [Doc # 531] and responded to the subject inquiry [Topic 38] with, "A representative will be produced on this topic."
>
> …
>
> When questioned regarding his past testimony, although he testified that he had testified on behalf of ICRR multiple times, Anderson could not recall the names of cases he testified in, the dates he testified or any other identifying information that would enable Plaintiffs to discover or obtain his prior testimony. *See* 30(b)(6) Deposition of ICRR (John Anderson) at pp. 158-161 attached to Motion as Exhibit B[footnote omitted].

[Doc. 589] at 2.

According to the instant motion, Plaintiffs need to know how many times Anderson has testified on behalf of the ICRR because Anderson, in addition to being the 30(b)(6) deponent on a host of topics, to include Topic 38, was also designated by Defendants as a non-retained expert on May 1, 2024, who did not provide a written report in support of his opinions. Though Plaintiffs elected not to take Mr. Anderson's deposition as a designated expert during the discovery period, or otherwise challenge the sufficiency of his expert designation prior to the expiration of discovery, Plaintiffs argue in the instant motion and memorandum that they needed Mr. Anderson, as a 30(b)(6) representative, to testify to the number of cases he has testified in on behalf of ICRR as an expert so that they could subsequently complain, assuming he did so regularly as an expert, that his May 1, 2024, expert designation contained insufficient information, namely a signed expert report as is required of, as relevant here, "employees whose duties as such regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

4

Though again, not entirely clear, it also appears that Plaintiffs are arguing, seemingly as an aside, that if Mr. Anderson was deemed an employee whose regular duties were to testify as an expert on ICRR's behalf, the information otherwise covered in Topic 38 of the ICRR 30(b)(6) notice, would have been required to be disclosed to Plaintiffs in his initial expert designation made May 1, 2024, and since it was not, ICRR had, pursuant to Local Uniform Civil Rule 26(a)(5), a duty to supplement the prior designation by the July 1, 2024, discovery deadline. Plaintiffs seek sanctions pursuant to Fed. R. Civ. P. 37(c)(1)[2] for ICRR's having not done so. The court also notes that in their supporting memo, Plaintiffs acknowledge their representations made to secure approval of the late depositions and the Court's admonishment that no disputes concerning the depositions could be raised after July 31, 2024. But seemingly to excuse their disregard for the same, counsel suggests they did not raise the issue when it arose at the deposition or the next day because they had not anticipated prior to the deposition that it would arise since ICRR said it would produce a 30(b)(6) issue at the deposition on Topic 38.

In opposition to the motion, ICRR asserts:

> Defendant …, stridently dispute[s] Plaintiffs' mischaracterization of ICRR's response to [Topic 38.] Contrary to Plaintiffs' deceptive claims of ICRR's "failure to provide said information" ([Plaintiff's Memorandum] ¶ 6) and John Anderson's "total failure to respond" to Plaintiffs' request (*Id*. ¶ 11), ICRR, through Mr. Anderson as its 30(b)(6) corporate representative, did in fact provide a good faith response in compliance with its duties under Fed. R. Civ. P. 30(b)(6). To wit, when asked how many times he had testified by deposition or at trial on behalf of ICRR or any other railroad, Mr. Anderson, to the best of his recollection, replied, "A number of times. Between five and ten." (See Dkt. No. 588-2 p. 158:21-24.)

---

[2] Federal Rule of Civil Procedure 37(c)(1) provides: If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i).

> Thereafter, in the ensuing back-and-forth between Mr. Anderson and Plaintiffs' counsel, Mr. Anderson was able to recall, in increasingly greater detail, information about his history testifying in depositions and at trial, detailing the time frame in which his involvement in such litigation began (approximately 2000-2003/2004), the types of cases in which he testified previously (predominately suits involving an injury or fatality, as well as two derailment cases), and the capacities in which he had previously testified (both as a lay witness and as an expert). (Dkt. No. 588-2 p. 159:2-160:18.) Inexplicably, however, counsel for Plaintiffs then discontinued his line of questioning and moved on to other topics, …[emphasis omitted].

[Doc. 596] at 4.

Moreover, ICRR argues Plaintiffs' Motion to Compel is untimely made in violation of both Local Uniform Civil Rule 7(b)(2)(C) and the Court's June 21, 2024, Agreed Order; Defendants breached no duty to supplement the disclosure at issue beyond the discovery deadline pursuant to Local Uniform Civil Rule 26(a)(5); and ICRR had no duty under Fed. R. Civ. P. 30(b)(6) to provide the requested information beyond what was provided. ICRR further argues that John Anderson had no duty to provide the requested information as a non-retained expert and even if the Court were to find that such a duty existed for either Anderson or ICRR, and that either failed to satisfy such duty, no sanctions are warranted because failure to provide such information is substantially justified and harmless under Fed. R. Civ. P. 37(c)(1). Indeed, ICRR attached as Exhibit A to its oppositional memo [Doc. 595] an Affidavit of Anthony B. Dale, an employee of ICRR in its Corporate Services Department as a Risk Mitigation Officer, who on behalf of the company provided the following sworn information:

> 3. ICRR does not maintain a searchable database enabling it to retrieve the identity, dates, and/or number of times a particular ICRR employee has testified in deposition or at trial on behalf of ICRR or any other railroad company.
>
> 4. Specifically with respect to ICRR Track Supervisor John Anderson, other than Mr. Anderson's own recollection ICRR does

> not know (i) the number of times Mr. Anderson has testified in the past in depositions or at trial on behalf of ICRR or any other railroad; (ii) the identity of the lawsuits in which Mr. Anderson has testified; or (iii) the date(s) on which Mr. Anderson gave any such testimony. Moreover, the foregoing information is not reasonably available to ICRR.
>
> 5. Because the information referenced in ¶ 4 above, is not known or reasonably available to ICRR beyond Mr. Anderson's own recollection, the best and only source able to provide any such information is Mr. Anderson himself, who provided said information to the best of his ability in ICRR's July 30, 2024 Rule 30(b)(6) deposition.
>
> 6. John Anderson's duties as an ICRR Track Supervisor do not regularly involve giving expert testimony, nor has Mr. Anderson ever regularly given expert testimony as an ICRR employee.

Ex. A to [Doc. 595] at 2.

On September 30, 2024,[3] Plaintiffs filed a reply to ICRR's opposition memo. [Doc. 610, 611]. In it, Plaintiffs reiterate that they expected the 30(b)(6) deponent to be prepared to fully and specifically answer as to all aspects of Topic 38 because he was the witness designated to do so on behalf of ICRR, and this should excuse Plaintiff's failure to raise the issue with the Court during the deposition or the day following per the Court's order. Finally, Plaintiffs assert the failure to fully respond to the number of times Anderson has testified as an expert on behalf of ICRR has resulted in prejudice to the Plaintiffs because the without this information they are unable to attack the sufficiency of his May 1, 2024, expert designation for failure to include a written report and related detailed information required of retained experts, and those whose duties regularly include giving expert testimony on behalf of ICRR.

---

[3] Plaintiffs attempted to timely file their reply and memorandum in support on September 26, 2024, but were directed by the clerk's office to refile the response and memorandum brief as separate documents as required by L.U. Civ. R. 7(b)(2) and 7(b)(4).

**Law and Analysis**

Plaintiffs bring the instant motion pursuant to Federal Rule of Civil Procedure 37(a)(1), which provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). However, Local Uniform Civil Rule 7(b)(2)(C) provides that "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(C). The instant motion to compel also relates in part to L.U. Civ. R. 26(a)(5), which provides that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

As recognized by the United States District Court for the Southern District of Mississippi, "All responses to written discovery, including supplementation of responses and disclosures, must be concluded by the discovery deadline." *Mississippi Coast Physicians LLC v. Multiplan, Inc.*, No. 1:16CV273-HSO-JCG, 2018 WL 9619347, at *3 (S.D. Miss. Jan. 23, 2018), *citing* L.U. Civ. R. 26(b)(1). Furthermore, this Court's June 21, 2024, Agreed Order Extending Discovery [Doc. 498] provided that "The Court will resolve any discovery dispute arising out of the Parties' remaining depositions until and including July 31, 2024. No other scheduling deadline by the Court shall be disturbed." [Doc. 498].

Based on the foregoing detailed procedural and substantive history of this matter, it is plain that Plaintiffs effort is disingenuous, at best. The instant motion to compel a prior 30(b)(6)

deponent to testify further as to how many times he has testified on behalf of ICRR as an expert was filed on September 5, 2024, which was well after the passage of all Court-ordered discovery and motions deadlines, after the deadline for challenging the sufficiency of expert designation (see L.U. Civ. R. 26(a)(2)), and in the face of a Court order disallowing the same [Doc. 498]. This is true especially when that deponent already testified—contrary to representations by counsel for Plaintiffs—that he has done so five to ten times since 2003.

Furthermore, Plaintiffs were expressly afforded the opportunity to raise and have resolved deposition disputes while the deposition was being taken and the day following, and did not do so. Plaintiffs themselves elected not to take the deposition of Anderson as a designated expert or timely raise any challenge to the sufficiency of his designation. Finally, as for the asserted harm to Plaintiffs by not knowing if Anderson regularly testifies as an expert on ICRR's behalf, though not Court-ordered, ICRR has now supplied an affidavit attesting to the fact that Anderson does not. In any event, this affidavit, together with Anderson's testimony that over a 20-plus year span he has testified as an expert for ICRR between five and ten times, would appear to provide the responsive information sought by Plaintiffs.

## Conclusion

For the foregoing reasons, the Court does not find Plaintiffs' Motion to Compel and for Sanctions meritorious. Accordingly, the Motion to Compel and for Sanctions [Doc. 588] shall be and is hereby **DENIED**.

**SO ORDERED,** this the 11th day of October, 2024.

          */s/ Jane M. Virden*
          **UNITED STATES MAGISTRATE JUDGE**