IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MELTON PROPERTIES, LLC, et al.**                                                       **PLAINTIFFS**

**V.**                        **NO. 4:18-CV-79-DMB-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY, et al.**                        **DEFENDANTS**

## AMENDED ORDER

On January 7, 2025, the Court held an evidentiary hearing on Illinois Central Railroad Company's motion for sanctions.[1] Doc. #735. Later that day, during a settlement conference before United States Magistrate Judge Jane M. Virden, this case settled. Doc. #734. A week later, pending consummation of the settlement, Illinois Central filed an amended transcript request for the sanctions hearing and a transcript request for the settlement conference. Docs. #742,[2] #743. On March 6, the plaintiffs filed a motion requesting such transcripts be sealed, Doc. #746; and the next day filed an amended motion requesting the same relief, Doc. #747. As cause in both motions, they submit:

> On January 7, 2025, at the hearing of the Defendant's Motion, the District Court heard the direct adverse examination by defense counsel of Plaintiff Floyd Melton, III. The Court heard no rebuttal, redirect examination by Plaintiffs' counsel, opening or closing arguments, or other testimony because the parties resolved the litigation on the day of the hearing. Therefore, the Plaintiffs had no opportunity to present any rebuttal evidence, testimony, or argument to the proof and testimony placed into the transcript by Defendant on direct adverse examination.

Doc. #746 at 1; Doc. #747 at 1. In the amended motion only, the plaintiffs represent that "Defendant does not oppose sealing the transcript from public access." Doc. #747 at 2.

---

[1] Doc. #583.

[2] Illinois Central initially requested the transcripts of the evidentiary hearing as well as the transcript of the chambers conference with the undersigned. Doc. #740.

There is a "presumption in favor of the public's access to judicial records" and the decision whether to order judicial records sealed is committed to the sound discretion of the court. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citation omitted). Consistent with the presumption of public access, Local Rule 79(b) provides that no document may be filed under seal without a court order. Local Rule 79(e)(3) requires a motion to seal to be accompanied by "a notice that identifies the motion as a sealing motion," along with "a proposed order" and "a non-confidential supporting memorandum" that both must include:

(A) A non-confidential description of what is to be sealed;

(B) A specific request that the document or case:

(1) Be sealed from any access by the public and the litigants' counsel;

(2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or

(3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

(C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)–(3) above is most appropriate, and why another procedure will not suffice;

(D) References to governing case law; and

(E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

L.U. Civ. R. 79(e)(3)(A)–(E).

The plaintiffs submitted a proposed order but it does not include the matters specified in Local Rule 79(e)(3), and the plaintiffs otherwise fail to comply with Local Rule 79's requirements. Though in their motions they request the memorandum requirement be waived based on their

assessment that the motions are "straightforward,"[3] the Court declines to do so because not only does the Court disagree with their characterization of the motions but the plaintiffs cite no governing authority or case law,[4] particularly none supporting the sealing of a transcript of a public hearing.[5]  And an agreement to seal access to court records is insufficient to justify their sealing. *See* L.U. Civ. R. 79(d) ("No document may be sealed merely by stipulation of the parties.").  Given these procedural and substantive deficiencies, both motions to seal may be properly denied.  However, since the settlement conference before Judge Virden without question was confidential,[6] the Court will excuse the procedural and substantive deficiencies as to it only and restrict access to it to accordingly.

So, the March 7 amended motion to seal [747] is **GRANTED in Part and DENIED in Part**.  The amended motion is GRANTED to the extent the Clerk of the Court is **DIRECTED** to restrict to the Court and counsel for the parties access to the transcript [745] of the settlement conference before Judge Virden.  The amended motion is DENIED in all other respects.  The March 6 motion to seal [746] is **DENIED as moot**.

**SO ORDERED**, this 25th day of March, 2025.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. #746 at 2; Doc. #747 at 2.

[4] Illinois Central's former counsel of record, Glenn Beckham, e-mailed the Court on March 7 presenting argument and authorities why sealing should be denied.  Since Beckham's representation of Illinois Central ceased January 13, 2023, *see* Doc. #395, the Court declines to consider the contents of his e-mail.

[5] On March 4, counsel for the plaintiffs e-mailed the Court inquiring about what needs to be done to ensure these transcripts are not made public.  The Court advised then that since the evidentiary hearing was not closed from the public, it saw no reason why the hearing transcript should be closed from the public and that counsel should contact Judge Virden's chambers regarding what she requires to seal the transcript of the settlement conference.

[6] *See, e.g.*, L.U. Civ. R. 16(g)(5) (requiring "confidential memorandum" for settlement conference that is "to be viewed only by the court, and will be destroyed upon exhaustion of settlement negotiations"); Doc. #29 (deeming settlement memoranda as "confidential" that "will be viewed only by the court, will not become a part of the record and will be destroyed upon the resolution of the case."); *see also* Docs. #79 (referencing "Confidential settlement memoranda"), #95 (same).